## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## WILKES-BARRE/SCRANTON DIVISION, SCRANTON HEADQUARTERS

BILL GOODWIN CONSTRUCTION, LLC,

        Plaintiff,

        v.

WONDRA CONSTRUCTION, INC.;
RENEWABLE ENERGY SYSTEMS
AMERICAS, INC.;
RENEWABLE CONSTRUCTION, INC.;
RES AMERICAN CONSTRUCTION
COMPANY, INC.;
MEHOOPANY WIND ENERGY, LLC;
BP WIND ENERGY NORTH AMERICA,
INC.; and
SEMPRA U.S. GAS & POWER;

and

ZURICH AMERICAN INSURANCE
COMPANY; and
FIDELITY AND DEPOSIT COMPANY
OF MARYLAND.

        Defendants.

Civil Action No. _____

Electronically Filed

Judge _____

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Wondra Construction,

Inc. ("Wondra"), Renewable Energy Systems Americas, Inc. ("RES Americas"), Renewable

Construction, Inc. ("Renewable Construction"), RES American Construction Company, Inc.1

("RES Construction") (collectively, "RES"), Mehoopany Wind Energy, LLC ("Mehoopany

Wind"), BP Wind Energy North America, Inc. ("BP Wind"), Sempra U.S. Gas & Power

("Sempra"), Zurich American Insurance Company ("Zurich"), and Fidelity and Deposit

---

1Plaintiff indicates that it wishes to sue the general contractor, the correct name of which is "RES America
Construction Inc.," not "RES American Construction Company, Inc." Further, there is no entity named "Renewable
Construction, Inc." For purposes of removal, "Renewable Construction, Inc." will be addressed with the appropriate
entity, RES America Construction Inc.

Company of Maryland ("Fidelity") (jointly, the "Defendants") consent to and give joint notice of the removal of this proceeding from the Court of Common Pleas of Wyoming County, Pennsylvania and state as follows in support:

1. On or about December 17, 2012, an action was commenced against the Defendants by the plaintiff, Bill Goodwin Construction, LLC (the "Plaintiff") by filing a Complaint in the Court of Common Pleas of Wyoming County, Case No. 1369 of 2012.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit A.** A true and correct copy of the docket is attached as **Exhibit B.**

3. Defendant Wondra received actual notice of the Complaint on December 27, 2012.

4. Defendant RES received actual notice of the Complaint on December 26, 2012.

5. Defendant Mehoopany Wind received actual notice of the Complaint on December 26, 2012.

6. Defendant BP Wind received actual notice of the Complaint on December 26, 2012.

7. Defendant Sempra received actual notice of the Complaint on December 24, 2012.

8. Defendant Zurich received actual notice of the Complaint on December 28, 2012.

9. Defendant Fidelity received actual notice of the Complaint on December 28, 2012.

10.     None of the Defendants have filed a responsive pleading in the Court of Common Pleas of Wyoming County, Pennsylvania.

11.     Pursuant to 28 U.S.C. § 1441, removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," provided that, in the case of actions of which the district courts have original jurisdiction under 28 U.S.C. § 1332, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)-(b).

12.     28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *See* 28 U.S.C. § 1332(a).

13.     Because this action involves a matter in controversy in excess of $75,000, exclusive of interest and costs, and the case arises between citizens of different states, it lies within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

14.     The amount in controversy requirement is satisfied on the face of the Complaint. Specifically, the Plaintiff seeks monetary relief in an amount in excess of $1,911,382.91 and $93,000.00, which excludes interests and costs. **Exhibit A, Complaint ¶¶ 26, 46, 49-50.**

15.     There is complete diversity between the Plaintiff and the Defendants.

16.     At the time this action was commenced, the Plaintiff was and is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1186 Owego Turnpike, Honesdale, PA 18431. **Exhibit A,**

Complaint ¶ 1.

17.        At the time this action was commenced, defendant Wondra was and is a

corporation organized and existing under the laws of the State of Wisconsin, with its prinicipal

place of business at W2874 Graylog Road, Iron Ridge, WI 53035.

18.        At the time this action was commenced, defendants RES are corporations

organized and existing under the laws of the State of Delaware, with their principal places of

business at 11101 W. 120th Avenue, Suite 400, Broomfield, CO 80021.  By way of further

explanation, no entity "Renewable Construction, Inc." exists. For purposes of removal, this

defendant has been sued under a fictitious name, and its citizenship is therefore disregarded

pursuant to 28 U.S.C. § 1141(b).

19.        At the time this action was commenced, defendant Mehoopany Wind was

and is a limited liability company organized and existing under the laws of Delaware, with only

two members.  These members are BP Wind and Sempra Generation.  BP Wind is a Delaware

corporation with a principal place of business in Texas.  Sempra Generation is a Delaware

corporation with a principal place of business in California.

20.        At the time this action was commenced, defendant BP Wind was and is

a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at 501 Westlake Park Blvd., Houston, TX 77079.

21.        At the time this action was commenced, defendant Sempra was and is

a limited liability company organized and existing under the laws of Delaware, with only one

member, Sempra Global, a Delaware corporation with its principal place of business at 101 Ash

Street, San Diego, CA 92101.

22.        At the time this action was commenced, defendant Zurich was and is a

corporation organized and existing under the laws of State of New York, with its principal place of business at 1400 American Lane, Schamburg, IL 60196.

23.        At the time this action was commenced, defendant Fidelity was and is a corporation organized and existing under the laws of the State of Maryland, with its principal place at 1400 American Lane, Schamburg, IL 60196.

24.        The citizenship of the Plaintiffs and Defendant satisfies the requirements of 28 U.S.C. §§ 1332 and 1441, in that all of the Defendants are diverse from the Plaintiff, and the Defendants are not citizens of Pennsylvania. Further, diversity jurisdiction existed at the time the Complaint was filed, has existed since that time, and exists at the time of this removal.

25.        This notice is timely, as it is being filed with this court within thirty (30) days of the earliest date on which the Defendants received notice "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

26.        This notice is procedurally effective, as "all defendants who have been properly joined and served . . . consent to the removal of the action," as provided by 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. §1332, the Defendants give notice that they remove the captioned case to the United States District Court for the Middle District of Pennsylvania, Wilkes-Barre/Scranton Division, Scranton Headquarters.

PAUL J. LABELLE & ASSOCIATES, LLC

Dated: January 23, 2013                    /s Paul J. LaBelle_____
                                           Paul J. LaBelle
                                           Pa. I.D. 44579

        Paul J. LaBelle & Associates, LLC

                                           116 North Washington Avenue
                                           Scranton, PA 18503
                                           570-504-0880
                                           *Counsel for Defendant*
                                           *Wondra Construction, Inc.*


Dated: January 23, 2013                    /s Emily B. Thomas_____
                                           Emily B. Thomas
                                           Pa. I.D. 203454
                                           Robert M. Jochen
                                           Pa. I.D. 311967
                                           Reed Smith LLP
                                           Reed Smith Centre
                                           225 Fifth Avenue
                                           Pittsburgh, PA 15222
                                           412-288-3131
                                           *Counsel for Defendants*
                                           *Renewable Energy Systems*

*Americas, Inc.*
                                           *RES America Construction Inc.*


Dated: January 23, 2013                    /s Jeffrey J. Malak____
                                           Jeffrey J. Malak
                                           Pa. I.D. 86071
                                           Chariton, Schwager & Malak
                                           138 South Main Street, P.O. Box 910
                                           Wilkes-Barre, PA 18703
                                           570-824-3511
                                           *Counsel for Defendants*
                                           *Mehoopany Wind Energy, LLC*
                                           *BP Wind Energy North America, Inc.*
                                           *Sempra U.S. Gas & Power*


Dated: January 23, 2013                    /s William T. Finnegan, Jr.
                                           William T. Finnegan, Jr., Esquire
                                           Pa. I.D. 50206
                                           Pugliese, Finnegan, Shaffer &
                                                   LLC
                                           Riverside Commons
                                           575 Pierce Street
        Ferentino                          Suite 500
                                           Kingston, PA 18704

570-283-1800
*Counsel for Defendants*
*Zurich American Insurance Company*
*Fidelity and Deposit*

*Company of Maryland*

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF
WYOMING COUNTY, PENNSYLVANIA
44TH JUDICIAL DISTRICT

BILL GOODWIN CONSTRUCTION, LLC :
1186 Owego Turnpike                   :
Honesdale, PA  18431                  :
                                      :
        Plaintiff                     :
                                      :  NO. 1369-CIVIL-2012
vs.                                   :
                                      :
WONDRA CONSTRUCTION, INC.,            :
RENEWABLE ENERGY SYSTEMS              :
AMERICAS INC.; RENEWABLE              :
CONSTRUCTION, INC.;  RES              :
AMERICAN CONSTRUCTION                 :
COMPANY, INC.; MEHOOPANY              :
WIND ENERGY, LLC; BP WIND             :
ENERGY NORTH AMERICA, INC. and        :
SEMPRA U.S. GAS & POWER,              :
                                      :
and                                   :
                                      :
ZURICH AMERICAN INSURANCE             :
COMPANY, AND FIDELITY and             :
DEPOSIT COMPANY OF MARYLAND           :
P.O. Box 968033                       :
Schaumburg, IL  60196                 :
        Defendants                    :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

WYOMING COUNTY PROTHONOTARY OFFICE
Wyoming County Courthouse
Tunkhannock, PA 18657
570-836-3200


SPALL, RYDZEWSKI, ANDERSON, LALLEY & TUNIS, P.C.


By_____

JOSEPH R. RYDZEWSKI, ESQUIRE
ID #17652


By:_____

JOHN D. LALLEY, ESQUIRE
ID #79529


Attorneys for Plaintiff
2573 Route 6
Hawley, PA 18428
(570) 226-6229

BILL GOODWIN CONSTRUCTION, LLC :
1186 Owego Turnpike                        :
Honesdale, PA  18431                       :
                                           :
      Plaintiff                         :
vs.                                        : NO. _____-CIVIL-2012
                                           :
WONDRA CONSTRUCTION, INC.,                 :
RENEWABLE ENERGY SYSTEMS                   :
AMERICAS INC.; RENEWABLE                   :
CONSTRUCTION, INC.;  RES                   :
AMERICAN CONSTRUCTION                      :
COMPANY, INC.; MEHOOPANY                   :
WIND ENERGY, LLC; BP WIND                  :
ENERGY NORTH AMERICA, INC. and             :
SEMPRA U.S. GAS & POWER,                   :
                                           :
and                                        :
                                           :
                                           :
ZURICH AMERICAN INSURANCE                  :
COMPANY, AND FIDELITY and                  :
DEPOSIT COMPANY OF MARYLAND                :
P.O. Box 968033                            :
Schaumburg, IL  60196                      :
      Defendants                        :

## COMPLAINT

AND NOW COMES, the Plaintiff, Bill Goodwin Construction, LLC, by and through its attorneys, Joseph R. Rydzewski, Esquire, and John D. Lalley, Esquire, of Spall, Rydzewski, Anderson, Lalley & Tunis, PC, and moves as follows:

### GENERAL ALLEGATIONS

1.  The Plaintiff,  Bill Goodwin Construction, LLC., is a Pennsylvania Corporation with its principal place of business at 1186 Owego Turnpike, Honesdale, PA  18431.  At all relevant times, GOODWIN has been engaged in the business of providing construction materials, hauling and excavation services and was a subcontractor of WONDRA.

3

2. The Defendant, Wondra Construction, is a Wisconsin corporation, with a place of business at W2874 Graylog Road, Iron Ridge, Wisconsin. At all relevant times, WONDRA has been engaged in the business of providing construction services and was a subcontractor of RES.

3. Defendant, BP WIND ENERGY NORTH AMERICA, INC. and MEHOOPANY WIND ENERGY, LLC, hereafter BP Wind, are Delaware corporations with places of business at 700 Louisiana Street, 33rd Floor, Houston, Texas, and are owners of the Mehoopany Wind Farm and have been engaged in the business of energy development at the Mehoopany Wind Farm in Wyoming County, PA.

4. Defendant, RENEWABLE ENERGY SYSTEMS AMERICAS INC.; RENEWABLE ENERGY CONSTRUCTION, INC., and RES AMERICAN CONSTRUCTION, INC., hereafter RES, are interrelated or subdivisions of each other and are believed to be Delaware corporations with places of business at 11101 W. 120th Avenue, Suite 400, Broomfield, Colorado. At all relevant times, RES has been engaged in the business of developing renewable energy and was a general contractor for BP WIND and SEMPRA.

5. Defendant, SEMPRA U.S. GAS & POWER, hereafter SEMPRA, is a Delaware corporation with a place of business at 101 Ash Street, San Diego, California. At all relevant times, SEMPRA has been engaged in the business of renewable energy development with BP WIND.

6. BP WIND and SEMPRA are joint ventures/partners regarding the $250 million Mehoopany Wind Farm project located in Wyoming County, Pennsylvania.

7. This matter arises out of the material, work, equipment, and services provided by GOODWIN pursuant to various oral contracts that WONDRA maintained with GOODWIN.

8. On or about November of 2011, WONDRA solicited GOODWIN for the purpose of securing materials, work, equipment, and services relating to the construction and excavation of the wind farm in Mehoopany, Pennsylvania on behalf of and for the benefit of RES, BP WIND and SEMPRA (these three collectively the Defendants).

9. Upon information and belief, GOODWIN submitted invoices to WONDRA which included the material, equipment, and services provided at an hourly rate as requested by BP WIND as a change of rate for the Mehoopany Wind Farm project.

10. Upon information and belief, GOODWIN submitted invoices to WONDRA which included the material, equipment, and services in June, 2012, and July of 2012, relating to the Mehoopany Wind Farm project at the hourly rate as directed by the Defendants including BP WIND.

11. Further, WONDRA paid for the certain materials, equipment, services that GOODWIN provided, by sending certain payments to GOODWIN, and/or hiring and paying certain of GOODWIN'S subcontractors at the same hourly rate, and never objected to or complained about the quality of GOODWIN'S materials, work, equipment, and services at any time.

12. Upon information and belief, Defendants and/or Wondra have failed to remit payment to GOODWIN for certain invoices for the material, equipment, and services as reflected on the outstanding invoices attached hereto as Exhibit A relating to the Mehoopany Wind Farm project in the total amount of $1,911,382.91, plus interest.

13. Upon information and belief, WONDRA has received payment from RES or BP WIND for work relating to the project and RES, BP WIND and SEMPRA have benefited from the same including that of Goodwin.

14. Despite repeated demands by GOODWIN for payment from WONDRA and/or the Defendants, WONDRA and/or the Defendants have failed to remit the remaining balance due.

15. All Defendants have received the benefit of GOODWIN'S material, work, equipment, and services relating to the Mehoopany Wind Farm project, but GOODWIN has not been fully compensated for said material, work, equipment, and services.

## COUNT I
## BREACH OF CONTRACT
## PLAINTIFF vs. WONDRA and DEFENDANTS

16. Plaintiff incorporated paragraphs 1 to 15 inclusive as if more fully set forth at length.

17. GOODWIN has fully and satisfactorily discharged all of its contractual duties by delivering the aforementioned materials, equipment, and services to WONDRA and/or DEFENDANTS pursuant to the above-referenced agreements, and WONDRA and/or DEFENDANTS have accepted and used GOODWIN'S materials, work, equipment and services without complaint.

18. WONDRA and/or DEFENDANTS have breached their contractual obligations to GOOWIN by failing to tender the principal amounts currently due and owing to GOODWIN, despite GOODWIN'S repeated demands.

19. WONDRA and/or DEFENDANTS are obligated to tender the balance due and owing to GOODWIN in the sum of $1,911,382.91 plus interest. In addition, RES agreed to further

pay GOODWIN the sum of at least $93,000 for additional materials, equipment, services or work done on the project.

**WHEREFORE**, the Plaintiff demands judgment in the amount of $1,911,382.91, the balance due from July 31, 2012, plus interest against WONDRA and/or DEFENDANTS and a further judgment of $93,000.00 plus interest from July 31, 2011 against Defendant, RES alone.

## COUNT II
## UNJUST ENRICHMENT
## GOODWIN vs WONDRA AND DEFENDANTS

20. Plaintiff incorporated paragraphs 1 to 15inclusive as if more fully set forth at length.

21. The Defendants and WONDRA received a benefit by having GOODWIN provide the aforementioned material, work, equipment and services for Defendants and WONDRA relating to the Mehoopany Wind Farm project, the fair and reasonable value of the unpaid balance of which is $1,911,382.91.

22. The Defendants and WONDRA have been unjustly enriched by their receipt of the materials, work, equipment, and services rendered to the detriment of GOODWIN, to which no corresponding benefit was given by Defendants and WONDRA for GOODWIN'S performance.

23. The Defendants and WONDRA have refused, and continue to refuse, to pay the $1,911,382.91, plus interest, due and owing to GOODWIN.

WHEREFORE, Plaintiff, GOODWIN, demands judgment in its favor and against WONDRA and the Defendants, in the amount of $1,911,382.91, plus interest, costs of suit, and any other relief this Court deems appropriate and just.

7

## COUNT III
## QUANTUM MERUIT
## GOODWIN vs WONDRA AND DEFENDANTS

24. Paragraphs 1 through 15 above are incorporated by reference as though fully set forth at length.

25. The Defendants and WONDRA received a benefit by having GOODWIN provide the aforementioned materials, work, equipment, and services for them relating to the Mehoopany Wind Farm project pursuant to the Invoices herein, the fair and reasonable value of the unpaid balance of which is $1,911,382.91.

26. The Defendants and WONDRA have refused, and continue to refuse, to pay the $1,911,382.91 due and owing to GOODWIN, despite GOODWIN'S demands.

27. It would be unconscionable for Defendants and WONDRA to retain the value of GOODWIN'S materials, work, equipment, and services relating to the Mehoopany Wind Farm project without making proper remuneration to GOODWIN. Equity demands that Defendants and WONDRA be compelled to disgorge this benefit.

WHEREFORE, Plaintiff, GOODWIN, demands judgment in its favor and against WONDRA and the Defendants, in the amount of $1,911,382.91, plus interest, costs of suit, and any other relief this Court deems appropriate and just.

## COUNT IV
## PROMISSORY ESTOPPEL
## GOODWIN vs WONDRA AND DEFENDANTS

28. Paragraphs 1 through 15 above are incorporated by reference as though fully set forth at length.

29. Defendants and WONDRA induced GOODWIN to perform certain work, deliver material, and expend time and effort for Defendants and WONDRA's benefit by promising to pay GOODWIN for its material, work, equipment, and services as set forth herein and in Exhibits "A".

30. Said promise and the payment by Defendants and WONDRA for materials, work, equipment and services reasonably induced GOODWIN to provide the aforementioned material, work, equipment, and services with the reasonable expectation that it would be fully compensated for its products and services.

31. GOODWIN justifiably relied upon this expectation, especially after the rate change as ordered by BP Wind Farm, to its detriment in providing time, work, equipment, and services in accordance with the above-referenced agreements, but did not receive the required compensation.

32. Defendants and WONDRA knew, or should have know, that said conduct would reasonably induce GOODWIN'S reliance upon it.

33. Defendants and WONDRA are stopped from reneging on said conduct and failing to compensate and/or reimburse GOODWIN in full for its work, equipment, and services it rendered to Defendants and WONDRA in accordance with the agreements.

WHEREFORE, Plaintiff, GOODWIN, demands judgment in its favor and against WONDRA and the Defendants in the amount of $1,911,382.91, plus interest, costs of suit, and any other relief this Court deems appropriate and just.

## COUNT V
## CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT – 73 P.S. § 501 et seq.
## GOODWIN vs WONDRA

34. Paragraphs 1 through 19 and 41 to 45 incorporated by reference as though fully set forth at length.

35. As set forth herein above, GOODWIN and WONDRA are parties to a construction contract.

36. GOODWIN is a subcontractor and WONDRA is a contractor as such terms are defined in the Contractor and Subcontractor Payment Act, 73 P.S. § 502 (the "CSPA").

37. GOODWIN submitted invoices to WONDRA for the material, work, equipment, and services expended by GOODWIN for WONDRA'S benefit.

38. GOODWIN performed its obligations in a good and workmanlike manner.

39. WONDRA has failed to remit payment to GOODWIN in a timely manner in violation of the oral contracts and the CSPA.

40. For WONDRA'S failure to comply with the terms of the CSPA, GOODWIN is entitled under the CSPA to a penalty equal to one percent (1%) per month of the amounts wrongfully withheld by WONDRA, together with reasonable attorneys' fees and expenses as determined by the Court.

WHEREFORE, Plaintiff, GOODWIN, demands judgment in its favor and against Defendant, WONDRA, in the amount of $1,911,382.91, plus interest at a rate of 1% per month, as penalty, costs/expenses, attorneys' fees, and such other relief as the Court deems appropriate and just.

## COUNT VI
## ACCOUNT STATED
## GOODWIN vs WONDRA

41. Paragraphs 1 through 19 above are incorporated by reference as though fully set forth at length.

42. WONDRA requested the work, equipment, and services provided by GOODWIN as set forth above.

43. GOODWIN regularly provided invoices for payment to WONDRA stating the amount GOODWIN was owed.

44. The invoices for payment constitutes an account stated which was sent by GOODWIN and received by WONDRA.

45. WONDRA failed to object to, and instead has therefore consented to, the total amount owed to GOODWIN according to the invoices for payment.

46. There remains a principal balance due to GOODWIN on the account stated of $1,911,382.91.

WHEREFORE, Plaintiff, GOODWIN, demands judgment in its favor and against WONDRA, in the amount of $1,911,382.91, plus interest, costs of suit and any other relief this Court deems appropriate and just.

## COUNT VII
## GOODWIN vs RES

47. Paragraphs 1 through 19 above are incorporated by reference as though fully set forth at length.

48. GOODWIN has fully and satisfactorily discharged all of its contractual duties by delivering the aforementioned materials, equipment, and services to RES pursuant to the

above-referenced agreements in the amount of at least $93,000, and RES have accepted GOODWIN'S material, work, equipment and services without complaint.

49. RES has breached their contractual obligations to GOOWIN by failing to tender the principal amount of at least $93,000 currently due and owing to GOODWIN, despite GOODWIN'S repeated demands.

50. RES is obligated to tender the balance due and owing to GOODWIN in the sum of $93,000 for additional work, material and services done on the project.

51. GOODWIN is a subcontractor and RES is a contractor as such terms are defined in the Contractor and Subcontractor Payment Act, 73 P.S. § 502 (the "CSPA") for reason described herein.

52. GOODWIN submitted invoices to RES for the material, equipment, services, time, and effort expended by GOODWIN for RES'S benefit.

53. GOODWIN performed its obligations in a good and workmanlike manner.

54. RES has failed to remit payment to GOODWIN in a timely manner in violation of the oral contracts and the CSPA.

55. For RES'S failure to comply with the terms of the CSPA, GOODWIN is entitled under the CSPA to a penalty equal to one percent (1%) per month of the amounts wrongfully withheld by RES, together with reasonable attorneys' fees and expenses as determined by the Court.

**WHEREFORE,** Plaintiff, GOODWIN, demands judgment in its favor and against RES, in the amount of $93,000.00, plus interest at a rate of 1% per month, penalties, costs/expenses, attorneys' fees, and such other relief as the Court deems appropriate and just.

## COUNT VIII
## GOODWIN vs ZURICH

56. Paragraphs 1 through 19 above are incorporated by reference as though fully set forth at length.

57. Zurich American Insurance Company and its subsidiary, Fidelity and Deposit Company of Maryland, hereafter Zurich, and the Co-Defendants, are licensed Surety's organized outside of the Commonwealth of Pennsylvania with its principal office located at Box 968033, 1400 American Lane, Schamburg, IL 60196.

58. At all times relevant herein, Co-Defendants, Zurich, issued a Payment Bond #PRF08969283 between the contractor, RES, and the Owner, BP WIND, to pay for labor, materials and equipment furnished for use in performing of the construction at the Mehoopany Wind Farm, copy of said Bond being attached hereto made a part hereof, marked Exhibit B.

59. As set forth herebefore, GOODWIN has not been paid for labor, materials, or equipment furnished for use on said project and made a claim for payment under said Bond, by letter attached of October 17, 2012, copy of which is attached as Exhibit C, which was acknowledged by Zurich by letter dated November 8, 2012, copy of which is attached as Exhibit D.

60. As surety, Zurich must pay GOODWIN for its materials, labor, and construction services in the amount of $1,911,382.91 and $93,000.00 under said Surity Bond herein.

**WHEREFORE**, Plaintiff, GOODWIN, demands judgment in its favor and against Co-Defendants, Zurich, in the amount of $1,911,382.91 and $93,000.00, plus interest at a rate of 1% per month, penalties, costs/expenses, attorneys' fees, and such other relief as the Court deems appropriate and just.

SPALL, RYDZEWSKI, ANDERSON, LALLEY & TUNIS, PC

By: _____
    JOSEPH R. RYDZEWSKI, ESQUIRE
    ID # 17652

    AND

By: _____
    JOHN D. LALLEY, ESQUIRE
    ID # 79529
    Attorneys for the Plaintiff
    2573 Route 6
    Hawley, PA  18428
    (570) 226-6229

## VERIFICATION

I, **WILLIAM GOODWON, President,** do hereby verify that the facts set forth in the foregoing COMPLAINT are true and correct to the best of my knowledge, information and belief. I understand that any false statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, regarding unsworn falsifications to authorities.

**BILL GOODWIN CONSTRUCTION, INC.**

_____
**WILLIAM GOODWIN, President**

_____12/6/12_____
DATE

15

**SUBJECT:**    AMOUNTS OWED BY WONDRA CONSTRUCTION

Based on August 27, 2012 conversations with Bill Goodwin and Amy Malti, and additional amounts provided by Amy for Aggregate Stone.

$606,164.91 – Based on amounts owed from June/July
$138,760.00 – Based on August 1, 2012 Invoice – for correction of machine time
$  71,345.00 – Based on August 20, 2012 Invoice – Equipment on Site at BP Wind
                          Energy
$ 707,333.00 –Based on August 9, 2012 Change Order - for trucking amounts
$ 437,780.00 - Aggregate Stone Amounts

**$1,961,382.91**

Minus $50,000.00 received at August 9, 2012 meeting with Labelle.

Total - $1,911,382.91



EXHIBIT

A

# BILL GOODWIN CONSTRUCTION, LLC



*Residential • Commercial • Industrial*

EXCAVATING • PAVING •
EARTH MOVING • GRADING •
LAND CLEARING • SEWER & WATER •
UTILITIES

*Complete site preparation for building & road construction*

1186 Owego Tpke.
Honesdale, PA 18431
bgoodwinexcavating@socantel.net

Fax | Office 570.488.9165
Cell 570.493.2585
Bonded & Fully Insured

# INVOICE

| 189 |
| --- |
| Date |
| 8/20/2012 |



**Invoice to:**

WONDRA Construction, Inc.
Attn: Robert Mayer
W2874 Graylog Road
Iron Ridge, WI 53035
Cell# 920-948-3012

| Project/Job Location: | BP Wind Energy, Noxen, PA | | |
| --- | --- | --- | --- |
| **Description** | **Qty** | **Rate** | **Item Total** |
| Aggregate Material Made at Robert Mayer's Request For BP Mehoopany Wind Farm Project: | | | |
| 2A Modified Stone | 68,000.00 | 5.25 | 357,000.00T |
| #6 Clean Rock | 8,000.00 | 7.00 | 56,000.00T |
| Sales Tax | | 6.00% | 24,780.00 |

| Thank You for Your Business! | $437,780.00 |
| --- | --- |

# BILL GOODWIN CONSTRUCTION, LLC.



Residential • Commercial • Industrial
EXCAVATING • PAVING •
EARTH MOVING • GRADING •
LAND CLEARING • SEWER & WATER •
UTILITIES

*Complete site preparation for building & road construction*

1186 Owego Tpke.  Fax | Office 570.488.9165
Honesdale, PA  18431      Cell 570.493.2585
bgoodwinexcavating@socantel.net      Bonded & Fully Insured

## INVOICE

| 187 |
| --- |
| Date |
| 8/20/2012 |

**Invoice to:**

WONDRA Construction, Inc.
Attn: Robert Mayer
W2874 Graylog Road
Iron Ridge, WI 53035
Cell# 920-948-3012

| Project/Job Location: | BP Wind Energy, Noxen, PA | | |
| --- | --- | --- | --- |
| Description | | Qty | Item Total |
| EQUIPMENT ON SITE at BP WIND ENERGY | | | |
| Week 1 August, Goodwin Operator Hours, 7/30/12 To 8/04/12 | | 177.50 | 21,570.00 |
| Week 2 August, Goodwin Operator Hours, 8/06/12 To 8/11/12 | | 191.25 | 20,542.50 |
| Week 3 August, Goodwin Operator Hours, 8/13/12 To 8/18/12 | | 202.75 | 22,032.50 |
| Demobilization of Equipment | | 8.00 | 7,200.00 |

| Thank You for Your Business! | Total Due within 30 Days: | $71,345.00 |
| --- | --- | --- |

# BILL GOODWIN CONSTRUCTION, LLC



Residential • Commercial • Industrial

EXCAVATING • PAVING •
EARTH MOVING • GRADING •
LAND CLEARING • SEWER & WATER •
UTILITIES

*Complete site preparation for building & road construction*

1186 Owego Tpke.
Honesdale, PA 18431
bgoodwinexcavating@socantel.net

Fax Office 570.488.9165
Cell 570.493.2585.
Bonded & Fully Insured

## INVOICE

| 183 |
| --- |
| Date |
| 8/9/2012 |

**Invoice to:**

WONDRA Construction, Inc.
Attn: Robert Mayer
W2874 Graylog Road
Iron Ridge, WI 53035
Cell# 920-948-3012

| Project/Job Location: | BP Wind Energy, Noxen, PA |
| --- | --- |

| Description | Qty | Rate | Item Total |
| --- | --- | --- | --- |
| Invoice for additional Hauling Hours by Trucking Companies from Nov 2011 to July 2012 | | | |
| | | | |
| Tonnage Delivered per Month: | | | |
| | | | |
| Nov 2011 Tons Wondra paid for @ $5 per ton Del. | 32,002.30 | -5.00 | -160,011.50 |
| Dec 2011 Tons Wondra paid for @ $5 per ton Del. | 9,195.50 | -5.00 | -45,977.50 |
| Jan 2012 Tons Wondra paid for @ $5 per ton Del. | 5,333.87 | -5.00 | -26,669.35 |
| Feb 2012 Tons Wondra paid for @ $5 per ton Del. | 21,406.08 | -5.00 | -107,030.40 |
| March 2012 Tons Wondra paid for @ $5 per ton Del. | 28,420.30 | -5.00 | -142,101.50 |
| April 2012 Tons Wondra paid for @ $5 per ton Del. | 26,612.66 | -5.00 | -133,063.30 |
| May 2012 Tons Wondra paid for @ $5 per ton Del. | 19,776.37 | -5.00 | -98,881.85 |
| June 2012 Tons Wondra paid for @ $5 per ton Del. | 25,595.70 | -5.00 | -127,978.50 |
| July 2012 Tons Wondra paid for @ $5 per ton Del. | 3,503.37 | -5.00 | -17,516.85 |
| | | | |
| Summary of Hauling Hours from Nov 2011 to July 2012 | | | |
| | | | |
| Total Amt of Hrs for Delivery fr Trucking Companies @ $75 per hr | 4,599.25 | 75.00 | 344,943.75 |
| Total Amt of Hrs for Delivery fr Trucking Companies @ $80 per hr | 7,334.50 | 80.00 | 586,760.00 |
| Total Amt of Hrs for Delivery fr Trucking Companies @ $90 per hr | 7,054.00 | 90.00 | 634,860.00 |

| Thank You for Your Business! | Total Due within 30 Days: | $707,333.00 |
| --- | --- | --- |

# BILL GOODWIN CONSTRUCTION, LLC



Residential • Commercial • Industrial
EXCAVATING • PAVING •
EARTH MOVING • GRADING •
LAND CLEARING • SEWER & WATER •
UTILITIES

*Complete site preparation for building & road construction*

1186 Owego Tpke.
Honesdale, PA 18431
bgoodwinexcavating@socantel.net

Fax Office 570.488.9165
Cell 570.493.2585
Bonded & Fully Insured

## INVOICE

| 184 |
| --- |
| Date |
| 8/1/2012 |

**Invoice to:**

WONDRA Construction, Inc.
Attn: Robert Mayer
W2874 Graylog Road
Iron Ridge, WI 53035
Cell# 920-948-3012

| Project/Job Location: | BP Wind Energy, Noxen, PA |
| --- | --- |

| Description | Qty | Rate | Item Total |
| --- | --- | --- | --- |
| D8T Dozer, 192 Hours on machine | 192.00 | 180.00 | 34560.00 |
| D8T Dozer, 650 Hours for Difference of $30 per hourly rate | 650.00 | 30.00 | 19500.00 |
| Vibratory/Compact Roller, 426 Hours on machine | 426.00 | 140.00 | 59640.00 |
| 40 Haul Truck, 179 Hours on machine | 179.00 | 140.00 | 25060.00 |

| Thank You for Your Business! | Total Due within 30 Days: | $138,760.00 |
| --- | --- | --- |

# Payment Bond

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

CONTRACTOR (Name and Address):
RES America Construction Inc.

11101 W. 120th Avenue, Suite 400

Broomfield, Colorado 80021

OWNER (Name and Address):
Mehoopany Wind Energy LLC

C/O BP Wind Energy North America Inc.

700 Louisiana Street, Suite 3300, Houston, TX 77002

SURETY:

Fidelity and Deposit Company of Maryland

2000 West Sam Houston Parkway, Suite 1300, Houston, TX 77042

CONSTRUCTION CONTRACT
Date: October 24, 2011
Amount: $66,016,459.00    *Sixty Six Million Sixteen Thousand Four Hundred Fifty Nine and 00/100*    DOLLARS
Description (Name and Location): Balance of Plant Agreement, Mehoopany Wind Farm, BP Contract No.: BPO-11-02132, Wyoming County, PA

BOND
Date (Not earlier than Construction Contract Date): October 31, 2011
Amount: $66,016,459.00    *Sixty Six Million Sixteen Thousand Four Hundred Fifty Nine and 00/100*    DOLLARS
Modifications to this Bond:    ☐ None    ☒ See Page 3

| CONTRACTOR AS PRINCIPAL | SURETY |
|---|---|
| Company: RES America Construction Inc.    Corporate Seal | Company: Fidelity and Deposit Company of Maryland    Corporate Seal |
| Signature: —————————————— | Signature: *Jacqueline Kirk* |
| Name and Title: | Name and Title: Jacqueline Kirk, Attorney in Fact |

(Any additional signatures appear on page 3)

*(FOR INFORMATION ONLY—Name, Address and Telephone)*
AGENT or BROKER:
Willis of Texas, Inc.

920 Memorial City Way, Suite 500

Houston, Texas 77024

713-961-3800

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

---

Printed in cooperation with The American Institute of Architects (AIA) by Fidelity and Deposit Company of Maryland
   2000 West Sam Houston Parkway, Suite 1300, Houston, TX 77042    vouches that the language in the document conforms exactly to
the language used in AIA Document A-312, December 1984 EDITION.

PAY76001ZZ0409f
With Modifications

1


EXHIBIT
B

1 The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2 With respect to the Owner, this obligation shall be null and void if the Contractor:

2.1 Promptly makes payment, directly or indirectly, for all sums due Claimants, and

2.2 Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, provided there is no Owner Default.

3 With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

4 The Surety shall have no obligation to Claimants under this Bond until:

4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

4.2 Claimants who do not have a direct contract with the Contractor:

.1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5 If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6 When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange for payment of any undisputed amounts.

7 The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond.

10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

11 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

Printed in cooperation with The American Institute of Architects (AIA) by Fidelity and Deposit Company of Maryland
2000 West Sam Houston Parkway, Suite 1300, Houston, TX 77042    vouches that the language in the document conforms exactly
to the language used in AIA Document A-12, December 1984 Edition.

2

14 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15 DEFINITIONS

15.1 Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2 Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

Paragraph 4 is amended to insert sub-paragraph 4.3, which states:

4.3 Claimants have furnished to Surety proof of claim duly sworn to by Claimants with adequate supporting documentation proving the amount claimed is due and payable.

Paragraph 5 shall be amended to delete the word "or" and insert the word "and" in its place.

Paragraph 6 and its sub-paragraphs 6.1 and 6.2 shall be deleted in their entirety and replaced with the following:
When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall, within 90 days of the date when claimant finally completed its satisfactions of the conditions of Paragraph 4 notify the Claimant of the amounts that are undisputed and the basis for challenging any amounts that are disputed, including, but not limited to, the lack of substantiating documentation to support the claim as to entitlement or amount, and the Surety shall pay or make arrangements for payment of any undisputed amount; provided, however, that the failure of the Surety to timely discharge its obligations under this paragraph or to dispute or identify any specific defense to all or any part of a claim shall not be deemed to be an admission of liability by the Surety as to such claim or otherwise constitute a waiver of the Contractor's or Surety's defenses to, or right to dispute, such claim. Rather, the Claimant's sole remedy shall be the immediate right, without further notice, to bring suit against the Surety to enforce any remedy available to it under this Bond.

Paragraph 12 shall be amended to add the following paragraph:
CLAIM NOTICE for the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND INSURANCE COMPANY and/or AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY must be sent to the following address: Contract Surety Bond Claims, c/o ZURICH, 1400 American Lane, Schaumburg, IL 60196.

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL Company: | (Corporate Seal) | SURETY: Company: | (Corporate Seal) |
|---|---|---|---|
| Signature: | | Signature: | |
| Name and Title: | | Name and Title: | |
| Address: | | Address: | |

Printed in cooperation with The American Institute of Architects (AIA) by 2000 West Sam Houston Parkway, Suite 1300, Houston, TX 77042 the language used in AIA Document A-312, December 1984 EDITION.

Fidelity and Deposit Company of Maryland vouches that the language in the document conforms exactly to

3

## Power of Attorney
### FIDELITY AND DEPOSIT COMPANY OF MARYLAND
### COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, corporations of the State of Maryland, by FRANK E. MARTIN JR., Vice President, and GREGORY E. MURRAY, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint Larry H. SENKEL, Pamela PROKOP, Jacqueline KIRK, Theresa GIEDA, and Judy M. DOLD, all of Houston, Texas, EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for and on its behalf as surety, and as its act and deed: any and all bonds and undertakings, EXCEPT bonds on behalf of Independent Executors, Community Survivors and Community Guardians, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Larry H. SENKEL, Pamela PROKOP, dated October 18, 2010.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seals of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, this 19th day of October, A.D. 2011.

ATTEST:

FIDELITY AND DEPOSIT COMPANY OF MARYLAND
COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

 

By:

*Gregory E. Murray  Assistant Secretary*        *Frank E. Martin Jr.        Vice President*

State of Maryland } ss:
City of Baltimore

On this 19th day of October, A.D. 2011, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came FRANK E. MARTIN JR., Vice President, and GREGORY E. MURRAY, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Companies aforesaid, and that the seals affixed to the preceding instrument is the Corporate Seals of said Companies, and that the said Corporate Seals and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Constance A. Dunn*

Constance A. Dunn                Notary Public
My Commission Expires: July 14, 2015

## EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

## EXTRACT FROM BY-LAWS OF COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

## CERTIFICATE

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the respective By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990 and of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies,

this _31st_ day of _October_ _2011_ .

_Assistant Secretary_

# SPALL, RYDZEWSKI, ANDERSON, LALLEY & TUNIS, P.C.
### ATTORNEYS AT LAW
LAKE WALLENPAUPACK OFFICE
2573 ROUTE 6
HAWLEY, PA 18428
570-226-6229
FAX 570-226-7448
JOERR@POCONOLAWYERS.NET

JOHN F. SPALL, ESQUIRE
LEATRICE A. ANDERSON, ESQUIRE*
*ALSO MEMBER OF NEW JERSEY BAR

JOSEPH R. RYDZEWSKI, ESQUIRE
JOHN D. LALLEY, ESQUIRE
MARK G. TUNIS, ESQUIRE

October 17, 2012

Mr. Larry Senkel
Willis
920 Memorial City Way, Suite 500
Houston, TX  77024

RE:   <u>Bill Goodwin Construction vs. Wondra Construction and Renewable Energy Systems
America, Inc.</u>

Dear Mr. Senkel

Please be advised we now represent Bill Goodwin Construction with regard to non-payment, subject to a F&D Co. of MD Surety Bond for the Wind Farm project in Noxen, PA, issued to Renewable Energy Systems. As of August 28, 2012, the amount owed is $1,911,382.91, calculated as follows:

> $606,164.91 – Based on amounts owed from June/July
> $138,760.00 – Based on August 1, 2012 Invoice – for correction of machine time
> $ 71,345.00 – Based on August 20, 2012 Invoice – Equipment on Site at BP Wind Energy
> $707,333.00 – Based on August 9, 2012 Change Order – for trucking amounts
> <u>$437,780.00</u> – Aggregate Stone Amounts
>
> $1,961,382.91

This letter shall serve as demand for payment of the full amount now past due 60 days plus interest of 1% per month and Attorney's Fees under the Pennsylvania Contractors Act.

Kindly remit payment immediately.

Very truly yours,

JOSEPH R. RYDZEWSKI, ESQUIRE
JRR/kam
cc:     Bill Goodwin Construction – via facsimile
        Zurich North America

LORDS VALLEY OFFICE
110 HEMLOCK FARMS ROAD
BOX 10
LORDS VALLEY, PA 18428

SCRANTON AREA OFFICE
251 E. GROVE S...
CLARKS SUMMI...

MID-VALLEY OFFICE
...NSYLVANIA AVENUE
...CKVILLE, PA 18452

EXHIBIT

C

cc:

Renewable Energy Construction
Willis of Texas – Larry Senkel
Fred Simmons

# EXHIBIT B

Case No 2012-01369


        Plaintiff:
           BILL GOODWIN CONSTRUCTION LLC

        ** (VS) **

        Defendant:
           WONDRA CONSTRUCTION INC

           RENEWABLE ENERGY SYSTEMS AMERICAS INC

           RENEWABLE CONSTRUCTION INC

           RES AMERICAN CONSTRUCTION COMPANY INC

           MEHOOPANY WIND ENERGY LLC

           BP WIND ENERGY NORTH AMERICA INC

           SEMPRA US GAS & POWER

           ZURICH AMERICAN INSURANCE CO

           FIDELITY

           DEPOSIT COMPANY OF MARYLAND

Case No 2012-01369
     BILL GOODWIN CONSTRUCTION LLC (VS) WONDRA CONSTRUCTION INC ETAL

     Date
     Filed
- - - - - - - - - - - - - FIRST ENTRY  - - - - - - - - - - - - - -

 1 12/17/12 COMPLAINT IN CIVIL ACTION FILED. SK
                          029 Image page(s) exist(s) for this entry

- - - - - - - - - - - - - LAST ENTRY  - - - - - - - - - - - - - -

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing Joint Notice of Removal was sent via United States

mail on the 23rd day of January 2013, with postage prepaid thereon to:

> Joseph R. Rydzewski, Esquire
> Pa. I.D. 17652
> John D. Lalley, Esquire
> Pa. I.D. 79529
> Spall, Rydzewski, Anderson, Lalley & Tunis, PC
> 2573 Route 6
> Hawley, PA 18428

/s Paul J. LaBelle
Paul J. LaBelle