**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BILL GOODWIN CONSTRUCTION, LLC,** | : | **No. 3:13cv157** |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **WONDRA CONSTRUCTION, INC., RENEWABLE ENERGY SYSTEMS AMERICAS, INC., RENEWABLE CONSTRUCTION, RES AMERICAN CONSTRUCTION COMPANY, INC., MEHOOPANY WIND ENERGY, LLC, BP WIND ENERGY NORTH AMERICA, INC., SEMPRA U.S. GAS & POWER, ZURICH AMERICAN INSURANCE COMPANY and FIDELITY & DEPOSIT COMPANY OF MARYLAND,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court are four (4) motions to dismiss filed by all defendants in this breach of contract action. (Docs. 13, 15, 18 & 21). The motions have been fully briefed and are ripe for disposition.

**Background**

This case arises from a dispute over oral construction contracts. On or about October 24, 2012, Defendant Renewable Energy Systems ("RES") entered into a construction agreement with Defendant Mehoopany Wind Energy, LLC ("Mehoopany Wind") for the construction of an approximately

140 Megawatt wind energy facility (the "project"). (Doc. 1, Ex. A, Compl. (hereinafter "Compl.") ¶ 3). Under the agreement, RES was to serve as the project's general contractor. (Id. ¶ 4).

Subsequent to RES and Mehoopany Wind's construction agreement, RES entered into a subcontract with Defendant Wondra Construction, Inc. ("Wondra"). (Id. ¶ 2). In November 2011, Wondra entered into various oral contracts with Plaintiff Bill Goodwin Construction, LLC ("plaintiff"). (Id. ¶¶ 1, 7). The oral contracts between Wondra and plaintiff are at issue in the instant case and generally provide that Wondra will pay plaintiff for securing materials, work and equipment to help build roads for the project. (Id. ¶¶ 7-8).

Plaintiff began performing under the terms of the oral contracts and submitted invoices to Wondra. (Id. ¶ 9). Plaintiff invoiced Wondra for material and equipment. (Id.) At some point, plaintiff also began invoicing Wondra for services provided at an hourly rate. Plaintiff alleges Defendant BP Wind Energy North America, Inc. ("BP Wind") specifically requested plaintiff begin billing Wondra at an hourly rate. (Id.) Wondra paid plaintiff for materials, equipment and services pursuant to their oral contract. (Id. ¶ 11). But, Wondra stopped paying plaintiff in June and July 2012. (Id. ¶¶ 10,12).

As a result of nonpayment, plaintiff filed an eight-count complaint in the Court of Common Pleas of Wyoming County, Pennsylvania on December 17,

2012. Counts I-IV allege state law breach of contract, unjust enrichment, quantum meruit and promissory estoppel claims against RES, Mehoopany Wind, Wondra, BP Wind and Sempra (collectively "construction defendants"). Counts V and VII assert state law causes of action pursuant to Pennsylvania's Contractor and Subcontractor Payment Act against Wondra and RES. Count VI alleges a state law account stated claim against Wondra. Count VIII asserts a state law breach of contract claim against Zurich pertaining to the project's payment bond.

Defendants jointly removed this action to the United States District Court for the Middle District of Pennsylvania on January 23, 2012. (Doc. 1, Notice of Removal at 1). Subsequent to removal, defendants filed four motions pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims. The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.[1] Because complete diversity of citizenship exists among the parties

---

[1] Plaintiff Bill Goodwin Construction, LLC is incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. (Compl. ¶ 1). Defendant Wondra is incorporated under the laws of the State of Wisconsin with its principal place of business in Wisconsin. (Doc. 1, Notice of Removal ¶ 17). Defendant RES is incorporated

and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

---

under the laws of the State of Delaware with its principal place of business in Colorado.  (Id. ¶ 18).  Defendant Mehoopany Wind is a limited liability company organized and existing under the laws of Delaware, with two members: Defendants BP Wind and Sempra U.S. Gas & Power.  (Id. ¶ 19).  Defendant BP Wind is incorporated under the laws of the State of Delaware with its principal place of business in Texas.  (Id. ¶¶ 19-20).  Defendant Sempra U.S. Gas & Power ("Sempra") is a limited liability company organized and existing under the laws of Delaware, with one member: Sempra Global.  (Id. ¶¶ 19, 21).  Sempra Global is incorporated under the laws of the State of Delaware with its principal place of business in California. (Id.)  Defendant Zurich American Insurance Company ("Zurich") is incorporated under the laws of the State of New York with its principal place of business in Illinois.  (Id. ¶ 22).  Defendant Fidelity & Deposit Company of Maryland ("Fidelity") is incorporated under the laws of the State of Maryland with its principal place of business in Illinois.  (Id. ¶ 23).

4

**Standard of Review**

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse

5

v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to

6

dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

## Discussion

In the present case, the defendants are separated into four groups: (1) RES, Mehoopany Wind, Wondra, BP Wind and Sempra (collectively "construction defendants") are sued for breach of contract, unjust enrichment, quantum meruit and promissory estoppel; (2) Wondra and RES are sued pursuant to Pennsylvania's Contractor and Subcontractor Payment Act; (3) Wondra is sued for an account stated claim; and (4) Zurich, as surety of the payment bond, is sued for breach of contract.

The construction defendants and Zurich have filed four motions to dismiss. (Docs. 13, 15, 18 & 21). Collectively, they seek to dismiss all of plaintiff's claims. Because the individual motions to dismiss contain similar legal issues, the court will address them as follows: 1) plaintiff's substantive claims against the construction defendants; 2) plaintiff's substantive claims pursuant to Pennsylvania's Contractor and Subcontractor Payment Act against Wondra and RES; 3) plaintiff's account stated claim against Wondra;

4) plaintiff's substantive claim against Zurich; and 5) the construction defendants and Zurich's abstention arguments.

Prior to addressing defendants' substantive motions, plaintiff concedes that count II–Unjust Enrichment and count III–Quantum Meruit are the same under Pennsylvania law.  (Doc. 31, Pl.'s Br. in Opp'n to RES' Mot. to Dismiss at 5).  As such, the court will only consider count II–Unjust Enrichment and dismiss count III–Quantum Meruit with prejudice.

### A.  Construction Defendants

Counts I, II and IV of the complaint allege causes of action for breach of contract, unjust enrichment and promissory estoppel against the construction defendants.  The construction defendants move to dismiss all three causes of action.  We will discuss them *in seriatim*.

### 1.  Breach of Contract

In count I, plaintiff contends that the construction defendants breached their oral contracts by failing to provide it with $1,911,382.91 for services rendered on the project.  (Compl. ¶¶ 16-19).  The construction defendants argue that count I fails to state a cause of action for two reasons.  First, the construction defendants contend that plaintiff's breach of contract claim fails to state the terms and consideration exchanged with specificity.  Second, the construction defendants argue that the court cannot consider an affidavit

8

attached to plaintiff's briefs in opposition to the construction defendants' motions to dismiss as support for any oral contract.  After careful consideration, we agree with the construction defendants.

With respect to the construction defendants' first contention, they attack plaintiff's breach of contract claim on the basis that the complaint fails to state the elements needed to assert a breach of contract action in Pennsylvania. Under Pennsylvania law, parties asserting claims for breach of contract must allege the following three elements to adequately state a claim: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages."  Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 502 (E.D. Pa. 2008) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)); see also Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 2:04-cv-1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (noting that to plead a breach of contract, "a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with [the] contract by performing her own obligations under it; [that] all conditions precedent were fulfilled; [that] there was a breach of the contract; and [that] damages were incurred" (citing Pierce v. Montgomery Cnty. Opportunity Bd., Inc., 884 F. Supp. 965, 970 (E.D. Pa. 1995))).  Although every term of a contract need not be stated in complete

detail, every element must be specifically pleaded. Cutillo, 723 A.2d at 1058.

Clarity in the pleadings is "particularly important where an oral contract is

alleged." Pa. Supply, Inc. v. Am. Ash Recycling Corp., 895 A.2d 595, 600

(Pa. Super. Ct. 2006) (citations omitted).

In the present case, plaintiff alleges the existence of two oral contracts.

The first oral contract allowed plaintiff to invoice Wondra for material and

equipment. (Compl. ¶¶ 7-8). Subsequent to the first oral contract, plaintiff

alleges a second oral contract was formed that allowed plaintiff to invoice

Wondra for truck time in addition to material and equipment. (Id. ¶¶ 9-10).

Plaintiff, however, fails to state the terms, mutual agreement and any

consideration exchanged pertaining to this second oral contract. In other

words, plaintiff's complaint fails to set forth "sufficient factual matter"

establishing the existence of a second oral contract. See Iqbal, 556 U.S. at

677.

Plaintiff attempts to address the complaint's shortcomings by submitting

an affidavit of William Goodwin as an exhibit to their brief in opposition to the

construction defendants' motions to dismiss. (See Doc. 24-1, William

Goodwin Aff. (hereinafter "Goodwin Aff") ¶ 1). In his affidavit, Goodwin refers

to a conversation with Mike Kelly, a BP Safety Engineer. (Id. ¶¶ 3-6).

Specifically, Goodwin alleges Kelly changed the material terms of his oral

contract with Wondra to include truck time in addition to material and equipment.  (Id. ¶¶ 4-5).

The court, however, cannot consider Goodwin's affidavit because it was not attached to the original complaint.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (stating that a court may only consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and an undisputedly authentic document if the plaintiff's claims are based on that document). Absent Goodwin's affidavit, plaintiff's complaint does not contain sufficient allegations for the court to make a reasoned determination as to the oral contracts between plaintiff and the construction defendants.  Because the complaint's allegations are not sufficient for the court to analyze the breach of contract claim, the court will dismiss count I without prejudice to plaintiff filing an amended complaint.

### 2.  Unjust Enrichment

Count II of the complaint seeks to impose liability on the construction defendants under the theory of unjust enrichment.  Pennsylvania courts state that "[u]njust enrichment is essentially an equitable doctrine."  Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993).  In Pennsylvania, a party seeking to plead unjust enrichment must allege the following elements: "(1) a benefit

11

conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit 'under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" Giordano v. Claudio, 714 F. Supp. 2d 508, 530 (E.D. Pa. 2010) (quoting Filippi v. City of Erie, 968 A.2d 239, 242 (Pa. Commw. Ct. 2009)). Under these circumstances, "the law implies a contract between the parties pursuant to which the plaintiff must be compensated for the benefits unjustly received by the defendant." Styer, 619 A.2d at 350. The existence of such a contract "requires that the defendant pay the plaintiff the value of the benefits conferred . . . ." Id.

The construction defendants contend that plaintiff failed to properly plead each element. First, plaintiff failed to state the "benefit" conferred upon the construction defendants. Second, plaintiff failed to claim and appreciation of such benefits by the construction defendants. Third, plaintiffs failed to allege that any acceptance and retention of such benefits under such circumstances that it would be inequitable. Plaintiff contends that if an oral contract is not found, then unjust enrichment should apply.

Here, plaintiff fails to properly allege a claim for unjust enrichment. The court cannot make a reasoned determination as to the benefit conferred to the construction defendants. Additionally, plaintiff's complaint fails to state how

the defendants appreciated this benefit and how the construction defendants'
retention of this benefit would be inequitable under the circumstances.  As
such, the court will dismiss count II without prejudice to plaintiff filing an
amended complaint.

### 3.  Promissory Estoppel

Count IV of the complaint is a claim against the construction defendants
under the theory of promissory estoppel. Pennsylvania law defines promissory
estoppel as:

> [a] promise which the promisor should reasonably expect to
> induce action or forbearance on the part of the promisee or a
> third person and which does induce such action or forbearance
> is binding if injustice can be avoided only by enforcement of the
> promise.

Thatcher's Drug Store of W. Goshen, Inc. v. Consol. Supermarkets, Inc., 636
A.2d 156, 160 (Pa. 1994) (quoting RESTATEMENT (SECOND) CONTRACTS §
90(1)).

In the instant case, plaintiff fails to adequately plead a claim for
promissory estoppel. Plaintiff fails to state what the promise was and how he
relied on it.  Simply put, plaintiff's complaint contains conclusory allegations
that the construction defendants made a promise upon which plaintiff relied to
his detriment.  Because the complaint's allegations are not sufficient for the
court to analyze the promissory estoppel claim, the court will dismiss count IV

without prejudice to plaintiff filing an amended complaint

## B. Pennsylvania's Contractor and Subcontractor Payment Act Claims Against WONDRA and RES

Counts V and VII appear to state a causes of action against Wondra and RES under Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA"). 73 PA. STAT. ANN. §§ 501 *et seq*.[2]  Under CASPA, "[p]erformance by a contractor or a subcontractor in accordance with **the provisions of a contract** shall entitle the contractor or subcontractor to payment from the party with whom the contractor or subcontractor has contracted." Id. at § 504 (emphasis added).  The Act applies "to construction contracts executed on or after the effective date of this act." Id. at § 515.  A "construction contract" is "[a]n agreement, whether written or oral, to perform work on any real property located within this Commonwealth." Id. at § 502.  "Real property" is defined as "[r]eal estate that is improved, including lands, leaseholds, tenements and hereditaments, and improvements placed thereon." Id.  Subcontractors are only entitled to payment from "the party with whom the subcontractor has contracted." Id. at § 507(a).

Here, plaintiff contends valid oral construction contracts existed

_____

[2] Count VII of plaintiffs complaint contains the ambiguous title: "Count VII: Goodwin v. RES."  (Compl. at 19).  At the present time, the court will construe this ambiguous heading as a claim against RES under CASPA.

between plaintiff and Wondra and plaintiff and RES.  Because plaintiff's

allegations of oral contracts under CASPA mirror their contentions for oral

contracts in their breach of contract claims against the construction

defendants, the court's prior analysis is equally applicable here.  Ergo, the

court will dismiss counts V and VII without prejudice to plaintiff filing an

amended complaint.

### C.  Account Stated Claim Against Wondra

In count VI, plaintiff alleges an account stated claim against Wondra.

Under Pennsylvania law, an "account stated" is an account in writing,

examined and accepted by both parties.  Leinbach v. Wolle, 61 A. 248 (Pa.

1905).  Acceptance need not be express and may be implied from the

circumstances.  Robbins v. Weinstein, 17 A.2d 629, 634 (Pa. Super. Ct.

1941).  A party's retention of a statement of account for an unreasonably long

time, without objection, may be a manifestation of assent. See RESTATEMENT

(SECOND) of CONTRACTS § 282(1) (1981);[3] see also, Donahue v. City of Phila.,

---

[3] Restatement (Second) of Contracts § 282(1) states:

(1) An account stated is a manifestation of assent by debtor
and creditor to a stated sum as an accurate computation of
an amount due the creditor.  A party's retention **without
objection** for an unreasonably long time of a statement of
account rendered by the other party is a manifestation of
assent.

15

41 A.2d 879, 881 (Pa. Super. Ct. 1945).

In the present action, plaintiff alleges Wondra assented to the account as stated in invoices attached to the complaint totaling $1,911,382.91. (Compl. ¶¶ 43-46).  The court, however takes judicial notice of Wondra's petition for interpleader filed in state court because it is a matter of public record.  See Oshiver, 38 F.3d at 1384 n.2.  Wondra's petition for interpleader establishes that Wondra has objected to the account as stated and disputes the validity of the debt.  (See Doc. 22, Ex. A, Wondra's Pet. for Interpleader at 18-30).  Specifically, Wondra claims that it only owes plaintiff $563,370.37. (Id. at 20-22).  In other words, Wondra and Goodwin have not assented to an agreed upon stated sum.  Thus, Goodwin's account stated claim against Wondra fails as a matter of law and count VI will be dismissed with prejudice.

### D.  Plaintiff's Payment Bond Claim Against Zurich

In count VIII, plaintiff contends that Zurich breached the payment bond contract by failing to reimburse plaintiffs for $2,004,382.91.[4]  Zurich, as surety,

---

RESTATEMENT (SECOND) of CONTRACTS § 282(1) (emphasis added).

[4] The surety reimbursement requirement is at issue in count VIII and prohibits Zurich from making payments under the bond until plaintiff satisfies specific conditions precedent.  Specifically, the payment bond states:

> 4.  The Surety shall have no obligation to Claimants under this Bond until:

argues that plaintiff's complaint fails to plead that all conditions precedent to liability under the payment bond have been met. As previously stated, pursuant to Pennsylvania law, parties asserting claims for breach of contract must allege that all conditions precedent to performance have been met. See Mavrinac, 2005 WL 2304995, at 8.

Here, the parties do not dispute the existence of a valid payment bond contract. Rather, the parties dispute whether all conditions precedent have been satisfied. On this point, the complaint alleges that plaintiff "has not been paid for labor, materials, or equipment . . . and [plaintiff] made a claim for payment under said Bond, by letter [dated] October 17, 2012 . . . which was acknowledged by Zurich by letter dated November 8, 2012 . . . ." (Compl. ¶ 59). Plaintiff's October 17, 2012 letter demands payment in the amount of $1,911,382.91 as of August 28, 2012. (Compl., Ex. C, Goodwin letter dated Oct. 17, 2012 (hereinafter "Goodwin letter") at 34-35). Plaintiff breaks this aggregate number into five specific categories.[5] (Id.)

---

> 4.3 Claimants have furnished to Surety proof of claim duly sworn to by Claimants with adequate supporting documentation proving the amount claimed is due and payable.

(Compl., Ex. B, Payment Bond (hereinafter "Payment Bond") at 30-31).

[5] Goodwin breaks their $1,961,382.91 demand into the following five categories:

Zurich, in its response dated November 8, 2012, requests "a copy of agreements, pay applications, change orders, purchase orders, statements of account, and invoices." (See Doc. 1-2, Ex. D, Zurich letter dated Nov. 8, 2012). Moreover, Zurich states "[w]ithout passing on the merits of [plaintiff's] construction claim at this time and reserving all rights and defenses, **we are taking this matter up with our bond Principal**." (Id.) (emphasis added). Viewing the complaint and exhibits in the light most favorable to plaintiff, plaintiff's factual averment, coupled with plaintiff's letter and Zurich's response, we find that the plaintiff has sufficiently pled all conditions precedent to liability under the payment bond contract. Therefore, the court will deny Zurich's motion to dismiss count VIII.

### E. Defendants' Abstention Arguments

The construction defendants and Zurich (collectively "defendants") argue that the court should abstain from adjudicating plaintiff's damages claim related to funds being ruled on in two actions pending before the Wyoming Court of Common Pleas pursuant to the doctrine proclaimed in Colorado

---

1) $606,164.91–Based on amounts owed from June/July 2012
2) $138,760.00–Based on August 1, 2012 Invoice
3) $71,345.00–Based on August 20, 2012 Invoice
4) $707,333.00–Based on August 9, 2012 Change Order
5) $437,780.00–Aggregate Stone Amounts

(Goodwin Letter at 34).

River Water Conservation District v. United States, 424 U.S. 800 (1976).
Defendants allege that the instant case is parallel to two state court actions by
plaintiff's subcontractors for delinquent payments related to work, materials
and services performed on the project. The court disagrees.

As a fundamental principle of federalism, the Supreme Court of the
United States has ruled that "the pendency of an action in the state court is no
bar to proceedings concerning the same matter in the Federal court having
jurisdiction, for both the state and Federal courts have certain concurrent
jurisdiction over such controversies . . . ." McClellan v. Carland, 217 U.S.
268, 282 (1910). In the face of duplicative litigation, however, the Supreme
Court adopted an abstention doctrine for district courts to follow in the
interests of "wise judicial administration." Colorado River, 424 U.S. at 818.
Although, prior to articulating our federal abstention doctrine, the Supreme
Court recognized the "virtually unflagging obligation of the federal courts to
exercise jurisdiction given to them." Id. at 817.

Abdication of federal jurisdiction can only be justified in "exceptional
circumstances" where countervailing interests outweigh the duty to exercise
jurisdiction. Id. at 813 (quoting Cnty. of Allegheny v. Frank Mashuda Co., 360
U.S. 185, 188-89 (1959)). For the application of the Colorado River

19

abstention doctrine to be justified, the state and the federal court cases at issue must be "parallel." See Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir. 1994) (superseded by statute on other grounds).  If the federal and state court cases are parallel, and it seems that abstention may be appropriate, then the court should weigh the following factors that govern its discretion to abstain:

> (1) Which court first assumed jurisdiction over property involved, if any;
> (2) Whether the federal forum is inconvenient;
> (3) The desirability of avoiding piecemeal litigation;
> (4) The order in which the respective courts obtained jurisdiction;
> (5) Whether federal or state law applies; and
> (6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

Id. at 225 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16, 19-26 (1983); Colorado River, 424 U.S. 818-19).  Deciding whether to refrain from exercising federal jurisdiction "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone, 460 U.S. at 16.

Thus, to determine whether the Colorado River abstention doctrine applies to the instant case, the court must first make the threshold determination as to whether the state and federal actions are parallel.

<u>Hyjurick v. Commonwealth Land Title Ins.</u>, No. 3:11-CV-1282, 2012 WL 1463633 at *6 (M.D. Pa. April 27, 2012). State and federal court lawsuits are "parallel" for the purposes of the <u>Colorado River</u> abstention doctrine when those cases involve the same parties and "'substantially identical' claims, raising 'nearly identical allegations and issues.'" <u>Timoney v. Upper Merion Twp.</u>, 66 F. App'x 403, 405 (3d Cir. 2003) (quoting <u>Trent</u>, 33 F.3d at 224). If the two cases are deemed to be parallel, the court will weigh the six <u>Colorado River</u> factors and determine whether abstention is warranted. <u>Id.</u>

In the present case, it is undisputed that the parties in the state court action and the parties in the instant lawsuit are not the same. (<u>See</u> Doc. 25-4, Ex. D, Wyoming Cnty. Court of Common Pleas Order dated November 16, 2012). Bill Goodwin Construction, LLC is the sole plaintiff in the federal action and a defendant, along with Wondra, in the state action. Zurich, RES, Mehoopany, BP Wind and Sempra are not parties to the state court action. Moreover, the amount in controversy in the state court action is only $563,370.37, whereas the amount in controversy in the federal action is $2,004,382.91. Therefore, the lawsuits are not parallel.

Having found that the state and federal court lawsuits are not parallel, the court need not address the six <u>Colorado River</u> exceptional circumstances

21

factors.  See Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997) (noting that if

the state and federal cases are not parallel, "the district court lacks the power

to abstain."); see also R & R Capital LLC, 426 F. App'x at 89 (declining to

delve into the multi-factor test when the cases at issue were not parallel).

Ergo, defendants' motion to abstain will be denied.[6]

**Conclusion**

　　For the reasons set forth above, the court will dismiss count III–quantum

meruit and count VI–account stated with prejudice.  Additionally, the court will

dismiss count I–breach of contract, count II–unjust enrichment and count

IV–promissory estoppel against the construction defendants without prejudice

to plaintiff filing an amended complaint.  The court will also dismiss counts V

and VII, CASPA claims against Wondra and RES, without prejudice to plaintiff

filing an amended complaint. The court will deny the motions in all other

respects.  An appropriate order follows.

_____

　　[6] The court finds itself in the unusual position of having a case removed from state court by defendants only to have those same defendants argue that the court should abstain from hearing the case.  Abdication of federal jurisdiction can only be justified in "exceptional circumstances" where countervailing interests outweigh the duty to exercise jurisdiction.  Id. at 813 (quoting Cnty. of Allegheny v. Mashuda, 360 U.S. at 188-89).  In the instant action, the court finds that performing its constitutional duty greatly outweighs the interests proffered by defendants.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BILL GOODWIN CONSTRUCTION, LLC,** | : | No. 3:13cv157 |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **WONDRA CONSTRUCTION, INC.,** | : | |
| **RENEWABLE ENERGY SYSTEMS** | : | |
| **AMERICAS, INC., RENEWABLE** | : | |
| **CONSTRUCTION, RES AMERICAN** | : | |
| **CONSTRUCTION COMPANY, INC.,** | : | |
| **MEHOOPANY WIND ENERGY, LLC,** | : | |
| **BP WIND ENERGY NORTH** | : | |
| **AMERICA, INC., SEMPRA U.S.** | : | |
| **GAS & POWER, ZURICH AMERICAN** | : | |
| **INSURANCE COMPANY and** | : | |
| **FIDELITY & DEPOSIT COMPANY** | : | |
| **OF MARYLAND,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 5th day of August, 2013, defendants' motions to dismiss (Docs. 13, 15, 18 & 21) are **GRANTED** in part and **DENIED** in part as follows:

1. The motions are **GRANTED** with respect to plaintiff's quantum meruit claim, Count III, against RES, Mehoopany Wind, Wondra, BP Wind and Sempra. Count III is **DISMISSED** with prejudice;

2. The motion is **GRANTED** with respect to plaintiff's account stated claim, Count VI, against Wondra. Count VI is **DISMISSED** with prejudice;

3.    The motions are **GRANTED** to the extent that plaintiff is directed to file an amended complaint within fourteen (14) days from the date of this order to plead more thoroughly their breach of contract, unjust enrichment and promissory estoppel claims against RES, Mehoopany Wind, Wondra, BP Wind and Sempra.  Failure to file an amended complaint that fixes all of the defects set forth in the accompanying memorandum will result in the dismissal of these claims.

4.    The motions are **GRANTED** to the extent that plaintiff is directed to file an amended complaint within fourteen (14) days from the date of this order to plead more thoroughly their Contractor and Subcontractor Payment Act claims against Wondra and RES.  Failure to file an amended complaint that fixes all of the defects set forth in the accompanying memorandum will result in the dismissal of these claims.

5.    Zurich's motion to dismiss Count VIII is **DENIED**.

6.    The motions are **DENIED** in all other respects.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**